UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DAYSI LOPEZ,

        Plaintiff,

v.                                                       Case No. 08-CV-123

ST. JOHNS COMMUNITIES INC.
and ANN MOORE,

        Defendants.
_____

# ORDER

On February 4, 2008, plaintiff Daysi Lopez ("Lopez") filed a *pro se* complaint naming St. Johns Communities Inc. ("St. Johns") and Ann Moore ("Moore") as defendants. The complaint alleges that, while Lopez was employed at St. Johns, Moore and other employees discriminated against her on the basis of her Hispanic ethnicity. Plaintiff paid the filing fee for this action on the same day that she filed her complaint. To date, no answer or other pleading by any party has been filed, and it appears that the defendants have not been served with the summons and complaint. On December 16, 2008, the court issued an order giving Lopez notice of her failure to serve defendants within the 120-day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"). (Docket #3). The court ordered that Lopez provide good cause for her failure to serve the defendants. The court warned that if she did not show good cause to the court within twenty days of

the order, the court would dismiss this action without prejudice pursuant to Rule 4(m) and Civil Local Rule 41.1.

Rule 4(m) requires a plaintiff to show good cause for failing to serve a defendant within 120 days of the filing of a complaint. In order to show good cause, a plaintiff must demonstrate a "valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 933-34 (7th Cir. 2002) (citations omitted). In the absence of good cause, the court may extend the time for service where a plaintiff shows excusable neglect. *See id.* at 934. By itself, ignorance of the governing rules of procedure is insufficient to show good cause or excusable neglect. *See Pioneer Inv. Serv. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 391-92 (1993) (discussing Fed.R.Civ.P. 6(b)).

On December 30, 2008, a letter from Lopez was filed with the court. (Docket #4). In the letter, Lopez apologizes to the court, states that she was unaware of the procedures to prosecute her case and requests "a second opportunity in this matter." While the court recognizes that a *pro se* litigant's pleadings are to be liberally construed, *pro se* litigants remain bound by the same Federal Rules of Civil Procedure as any other litigant. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "we have never suggested that procedural rules in ordinary litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *see also Members v. Paige*, 140 F.3d 599, 702-03 (7th Cir. 1998). Here, Lopez has apparently never attempted to serve the defendants, and the court

- 2 -

Case 2:08-cv-00123-JPS   Filed 01/22/09   Page 2 of 3   Document 5

does not consider mere ignorance of the Federal Rules of Civil Procedure either good cause or excusable neglect. Over twenty days have now passed since the court's December 18, 2008 order. Therefore, the court is obliged to dismiss Lopez's case. If Lopez chooses to re-file this action, the court urges her to make the bases of her claims clear and to comply with the service requirements of the Federal Rules of Civil Procedure so that the court does not needlessly expend its time or resources.

Accordingly,

**IT IS ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge